**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan GONZALEZ–CARVAJAL,**
**Defendant—Appellant.**

**No. 04–50522.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided July 19, 2006.

Michelle P. Jennings, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., Heather R. Rogers, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM *

Defendant Juan Gonzalez–Carvajal (Gonzalez) appeals his conviction for attempting to enter the United States after deportation, in violation of 8 U.S.C. § 1326. We affirm his conviction. Gonzalez also appeals his sentence. We vacate his sentence and remand for resentencing. *See United States v. Beng–Salazar,* 452 F.3d 1088 (9th Cir.2006).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I. Expert Testimony

The district court did not abuse its discretion in limiting the expert testimony of Dr. MacFarlane. "A district court's rulings on the admissibility of expert testimony ... will be reversed only if 'manifestly erroneous.'" *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000). Dr. MacFarlane was allowed to testify about the effects of certain drugs on people in general, but not about the effects of certain drugs on Gonzalez in particular. When Gonzalez proffered Dr. MacFarlane's testimony at trial there was no testimony or other evidence that Gonzalez was under the influence of any drugs at the time of the offense. Gonzalez never testified. The best indication of Gonzalez's purported drug use at the time of the offense was Gonzalez's own report of such use to Dr. MacFarlane in connection with Dr. MacFarlane's evaluation of him for purposes of his diminished capacity defense. The district court's decision was not an abuse of discretion.

## II. Lay Opinion Testimony

The district court did not abuse its discretion by excluding Tirado's lay opinion testimony concerning Gonzalez's mental capacity. Federal Rule of Evidence 701 requires lay opinion testimony to be "rationally based on the perception of the witness." Fed.R.Evid. 701. When Gonzalez proffered Tirado's testimony about his mental capacities there was no indication that Tirado had any contact with Gonzalez at or near the time of the offense. In fact, Tirado did not testify at all as to when she last had any contact with Gonzalez; it could have been months or years earlier. Because Gonzalez did not establish the proper foundation for Tirado's proffered testimony, the district court's decision to exclude it was not an abuse of discretion.

## III. Sentencing

At sentencing, Gonzalez objected on Sixth Amendment grounds to being sentenced under the then-mandatory Guidelines, basing his objections on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We recently held that such Sixth Amendment objections are sufficient to preserve a *Booker* challenge to the district court's imposition of a sentence under the then-mandatory Guidelines. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1090 (9th Cir.2006). In other words, the Sixth Amendment objections Gonzalez made at sentencing work to preserve his challenge to the nonconstitutional error outlined in *Booker*. *See id* at 1092. Therefore, we must vacate Gonzalez's sentence, and remand for full resentencing under the now-advisory Guidelines.

Accordingly, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED.